1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMONICK PRYOR, | ) Case No. EDCV 14-2584-DDP (KK) |
| Plaintiff, | ) |
| vs. | ) ORDER DISMISSING COMPLAINT WITH ) LEAVE TO AMEND |
| JOHN DOE, et al., | ) |
| Defendants. | ) |

On December 18, 2014, Plaintiff Domonick Pryor ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Plaintiff names two defendants: John Doe San Bernardino Sheriff's Deputy ("John Doe") and San Bernardino Sheriff's Department. ECF Docket ("Dkt.") 1.

The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Based upon the reasons set forth below, the Court dismisses the Complaint with leave to amend.

///
///
///

1

**I.**

**ALLEGATIONS IN THE COMPLAINT**

In the Complaint, Plaintiff alleges he was arrested and placed in the back of a patrol car by John Doe on September 4, 2013. Id. at 2-3. Plaintiff claims John Doe left him in the back of the patrol car for thirty minutes at which time Plaintiff "started having shortness of breath and was sweating profusely." Id. at 3. Plaintiff then began banging on the window of the vehicle in order to get John Doe's attention. Id. Plaintiff claims John Doe merely looked at him, but did not approach the vehicle to see what the problem was. Plaintiff alleges the temperature within the vehicle to be "in the 100's since the temperature outside the vehicle was in the high 90's." Id. At some point, while still in the vehicle, Plaintiff apparently passed out and remembers awakening at the Barstow Community Hospital. Id.

At the hospital, Plaintiff was examined by Dr. John Stroh "who informed [him] he had a heat stroke and was suffering from very high anxiety which caused him to pass-out." Id. It is unclear what type of treatment, if any, Plaintiff received while at the hospital. Plaintiff was released back into the custody of the San Bernardino Sheriff's Department and "placed back in the very same vehicle, but this time the windows were rolled down." Id. at 4.

Plaintiff alleges he was subject to cruel and unusual punishment by John Doe who "knew or was completely conscience of the fact that the conditions in [the] vehicle could cause harm" to Plaintiff. Id. at 4.

## II.

## STANDARD OF REVIEW

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document

filed <u>pro se</u> is to be liberally construed, and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted).

## III.

## DISCUSSION

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST MUNICIPAL ENTITY SAN BERNARDINO SHERIFF'S DEPARTMENT

Plaintiff names municipal entity San Bernardino Sheriff's Department as a defendant.  Municipalities and other local government units are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Long v. Cnty. of L.A.</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  However, because no <u>respondeat superior</u> liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  <u>Monell</u>, 436 U.S. at 694; <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

In order to maintain a claim against a municipal entity, a plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted).  In addition,

4

he must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  <u>Id.</u> at 918; <u>Thompson v. Los Angeles</u>, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are [sic] insufficient to establish custom."), <u>overruled on other grounds by</u> <u>Bull v. City & Cnty. of S.F.</u>, 595 F.3d 964, 981 (9th Cir. 2010) (*en banc*).

Here, Plaintiff has failed to identify any official policy or longstanding custom or practice of the San Bernardino Sheriff's Department that is violative of his constitutional rights.  Plaintiff thus has not properly stated a constitutional claim against the San Bernardino Sheriff's Department.  <u>See</u> <u>Harris</u>, 489 U.S. at 385 (to state claim against municipality, plaintiff must show that "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 (vague and conclusory allegations not sufficient to state claim).  Accordingly, his claims against the San Bernardino Sheriff's Department must be dismissed.

///
///
///
///

**IV.**

**ORDER**

If Plaintiff desires to pursue any of the claims in his Complaint, he is ORDERED to file a First Amended Complaint ("FAC") within 28 days of the service date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the FAC or any other pleading, attachment, or document. Plaintiff **shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.**

Plaintiff must properly plead a claim against municipal entity San Bernardino Sheriff's Department. Alternatively, Plaintiff can voluntarily dismiss San Bernardino Sheriff's Department and proceed with this claim against John Doe.

The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a FAC if he elects to proceed with this action.

**Plaintiff is admonished that if he fails to timely file a sufficient FAC, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: December 23, 2014

HON. KENLY KIYA KATO
U.S. MAGISTRATE JUDGE