**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMONICK PRYOR,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN DOE, et al.,<br><br>        Defendants. | Case No. EDCV 14-2584-DDP (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

This is a *pro se* civil rights action filed by Plaintiff Domonick Pryor. Following the Court's initial screening of the First Amended Complaint, the Court finds the First Amended Complaint fails to state a claim against the sole defendant, John Doe, in his official capacity. The Court, therefore, orders the First Amended Complaint dismissed with leave to amend.

**I.**

**BACKGROUND**

On December 18, 2014, Plaintiff Domonick Pryor ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §

1

1983 ("Complaint").  The Complaint named two defendants: John Doe San Bernardino Sheriff's Deputy ("John Doe") and San Bernardino Sheriff's Department.  ECF Docket ("Dkt.") 1.  Following the Court's initial screening of the Complaint, the Court dismissed the Complaint with leave to amend for failure to state a municipal entity claim against San Bernardino Sheriff's Department.

On March 6, 2015, Plaintiff filed a First Amended Complaint ("FAC").  Docket No. 9.  The FAC only names defendant John Doe of the Barstow Police Department, who is sued in his official capacity.  Id. at 3.

In the FAC, Plaintiff presents a summary version of the events alleged in the original Complaint.[1]  Plaintiff alleges he was arrested and placed in the back of a patrol car by John Doe on September 4, 2013.  Id. at 5.  Plaintiff claims John Doe left him in the back of the patrol car "with the windows up with no a/c."  Id.  Plaintiff alleges he stated he "could not breathe due to the condition of the heat," but was ignored.  Id.  Plaintiff further alleges he "suffered a minor heat stroke and passed-out."  Id. Plaintiff was apparently taken to the Barstow Hospital where he was "revived" by Dr. John Stroh.  Id.

## II.

### STANDARD OF REVIEW

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint

---

[1] The Clerk is instructed to provide Plaintiff with a copy of both the original Complaint and the FAC.

2

may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted).  In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it).

    Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.

2d 1081 (2007) (citations and internal quotation marks omitted).

## III.

## DISCUSSION

**A. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT JOHN DOE IN HIS OFFICIAL CAPACITY**

In order to state a claim for a civil rights violation under 42 U.S.C. section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)

Suits against governmental officers in their official capacities are subject to the same requirements as Monell claims against local governments. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Indeed, despite naming individual governmental officials, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Hence, as with claims against local governments under Monell, to impose liability against officials acting in their official capacity, "the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, 473 U.S. at 166 (internal citations omitted). "Isolated or sporadic incidents" are insufficient to establish an improper municipal custom. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic

4

incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") (internal citations omitted).

Here, the FAC fails to allege the Barstow Police Department maintained a policy or custom that caused any constitutional violation by a particular governmental actor. More specifically, Plaintiff does not allege that "John Doe" was a municipal "policymaker" such that a single act by him would give rise to <u>Monell</u> liability. Nor does plaintiff claim that the alleged misconduct was committed pursuant to any official government policy or custom. Rather, the alleged misconduct plaintiff complains of is a single incident that occurred on September 4, 2013. Thus, Plaintiff has not stated a valid claim against defendant John Doe *in his official capacity*.[2]

**B.    DISCOVERY OF "DOE" DEFENDANT**

Plaintiff fails to plead the name of the officer who is alleged to have violated his civil rights. Rather, Plaintiff names the officer as a "doe" defendant.

Plaintiff is entitled to conduct discovery in order to obtain the actual name of the doe defendant. <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an

---

[2]While the issue has not been presented, the Court would be inclined to find the facts alleged in the original Complaint sufficient to state a claim against defendant John Doe in his *individual capacity.*

5

opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (quoting <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980) (alterations omitted)).  Accordingly, if Plaintiff does not know the full names of the defendant identified above, he must promptly pursue discovery to determine the names of the defendant.  Plaintiff may then discover and substitute the full names of the defendant currently identified as John Doe in the FAC.

**IV.**

**ORDER**

For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted forty-five (45) days from the date of this Order to file a Second Amended Complaint remedying the identified deficiencies by (1) discovering the name of John Doe defendant; and (2) naming him in his individual capacity only.  Plaintiff must act promptly in order to obtain discovery necessary to identify the Doe defendant in time to file his amended complaint.

The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the SAC or any other pleading, attachment, or document.  Plaintiff **shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.**

The Clerk is directed to provide Plaintiff with a Central

District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a SAC if he elects to proceed with this action.

**Plaintiff is admonished that if he fails to timely file a sufficient SAC, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: March 20, 2015

HON. KENLY KIYA KATO
U.S. MAGISTRATE JUDGE